JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Marie Bassil
9810 NW 76th Court
Tamarac, FL 33321

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Clearfield & Kofsky,
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103      215-563-6333

## DEFENDANTS
Bryn Mawr Rehabilitation Hospital
414 Paoli Pike
Malvern, PA 19335

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Medical Malpractice/Therapist Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 04/05/2016
SIGNATURE OF ATTORNEY OF RECORD  *Leonard F. Kaherman*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 9810 NW 76th Court Tamarac Florida 33321

Address of Defendant: Two Paoli Office Park, 2 Industrial Boulevard, Suite C400, Paoli, PA 19301

Place of Accident, Incident or Transaction: Bryn Mawn Rehabilitation Hospital 414 Paoli Pike Malvern PA 19335
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify) Medical Malpractice
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Leonard P. Haberman, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/5/2016    _Leonard P. Haberman_    80446
                  Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/5/2016    _Leonard P. Haberman_    80446
                  Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 9810 NW 76th COURT TAMARAC FL 33321

Address of Defendant: Two Paoli Office Park 2 Industrial Boulevard Suite C-400 Paoli, PA 19301

Place of Accident, Incident or Transaction: Bryn Mawr Rehabilitation hospital 414 Paoli Pike, Malvern PA 19355
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify) medical malpractice
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Leonard P. Haberman, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/5/2016     Leonard P. Haberman     80446
                    Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/5/2016     Leonard P. Haberman     80446
                    Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 9810 NW 76th Court Tamarac Florida 33321

Address of Defendant: 414 Paoli Pike Malvern PA 19335

Place of Accident, Incident or Transaction: Bryn Mawr Rehabilitation Hospital 414 Paoli Pike Malvern PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☑

Does this case involve multidistrict litigation possibilities?  Yes☐ No☑

*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
 Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
 Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
 Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
 Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
 (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify) Medical malpractice
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
 (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Leonard P. Haberman, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/5/2016    Leonard P. Haberman    80446
        Attorney-at-Law                Attorney I.D.#

**NOTE**: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/5/2016    Leonard P. Haberman    80446
        Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Defendants continued

Main Line Health Care a/k/a Main Line Health System

Two Paoli Office Park

2Industrial Boulevard- Suite C-400

Paoli, PA 19301

Main Line Hospital System

Two Paoli Office Park

2 industrial Boulevard –Suite C-400

Paoli, PA 19301

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Marie Bassil | : | CIVIL ACTION |
| v. | : | |
| Bryn Mawr Rehabilitation Hospital, Main Line Healthcare aka Main Line Health System and Main Line Hospital System | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| April , 2016 | Leonard P. Haberman | Marie Bassil |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-563-6333 | 215-563-3580 | lhaberman@clearfieldlawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE BASSILL<br>9810 NW 76th Court<br>Tamarac, FL 33321<br>    v.<br>BRYN MAWR REHABILITATION HOSPITAL<br>414 Paoli Pike<br>Malvern, PA 19335<br>    and<br>MAIN LINE HEALTH CARE a/k/a<br>MAIN LINE HEALTH SYSTEM<br>Two Paoli Office Park<br>2 Industrial Boulevard- Suite C-400<br>Paoli, PA 19301<br>    and<br>MAIN LINE HOSPITAL SYSTEM<br>Two Paoli Office Park<br>2 Industrial Boulevard - Suite C-400<br>Paoli, PA 19301 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Marie Bassell, by and through her attorney, Leonard P. Haberman, Esquire, demands judgment against Defendants, Bryn Mawr Rehabilitation Hospital and/or Main Line Health Care a/k/a Main Line Health System, and/or Main Line Hospital, jointly and/or severally, for compensatory damages commensurate with her losses.

## AVERMENTS OF JURISDICTION

1. Plaintiff, Marie Bassill, is an adult individual who resides at the above-captioned address.

2. Defendant, Bryn Mawr Rehabilitation Hospital. (hereinafter referred to as "Bryn Mawr") is a health care facility, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

3. Defendant, Main Line Health Care a/k/a Main Line Health System, (hereinafter referred to as "MLHC."), is a health care facility, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

4. Defendant, Main Line Hospital System, (hereinafter referred to as "MLHS."), is a health care facility, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

5. This is an action arising under 28 U.S.C. §1332 entitled "Diversity of Citizenship".

6. Venue is proper in the Eastern District because all of the material events took place in the Eastern District of Pennsylvania.

## GENERAL AVERMENTS

7. Plaintiff, Marie Bassill, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 6 inclusive, as if set forth at length herein.

8. A professional liability action is being made by Plaintiff against all Defendants

9. At all times material hereto, Defendants acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants. Plaintiff further asserts that said agents were actual and ostensible. Specifically, defendants acted through its physical therapist by the name of "Kerry" Plaintiff does not know the last name of the person who acted negligently, but she knows it was the physical therapist who improperly manipulated plaintiff's neck and head during a vestibular re-evaluation. This physical therapist was the actual and/or apparent agent of defendants.

10. Defendants, owed Plaintiff, Marie Bassill a duty to possess and exercise that degree of professional skill, care, and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession and/or within their field of specialization.

11. Defendants, Bryn Mawr and/or MLHC and/or MLHS was responsible for supervising all actions of nurses, and/or health care assistants and/or physical therapists who were in their employ and for that reason, any group that she was affiliated with, remains vicariously liable for the acts and/or omissions of Defendant, Kerry.

12. Defendants, Bryn Mawr and/or MLHC and/or MLHS owed Plaintiff, Marie Bassill, a duty to train, employ and retain on their staff and/or nurses who possess and exercise that degree of professional skill, care and knowledge ordinarily possessed and exercised by

and/or required of practitioners within the health care profession and/or within their field of specialization.

13. On or about April 9, 2014, Plaintiff, Marie Bassill was scheduled to have a procedure called a vestibular re-evaluation at Bryn Mawr Rehabilitation Hospital.

14. On or about April 9, 2014, a physical therapist by the name "Kerry" negligently and violently manipulated Plaintiff's neck and head during the vestibular re-evaluation.

15. It is alleged and averred that the physical therapist by the name "Kerry" failed to abort the procedure and also failed to notify her supervisor(s) when Plaintiff complained of intense pain and discomfort that a potential re-aggravation and/or exacerbation of Plaintiff original symptoms had occurred so the plaintiff could have been given proper medical treatment.

16. Defendants, allowed the Plaintiff to continue with the procedure despite the intense pain and discomfort.

17. It is alleged and averred that after the during and after the procedure, Plaintiff suffered sudden pain and headaches.

18. Defendants, were responsible for the proper hiring, training and supervision of all employees/agents/workmen providing medical services and to keep patients from harm.

19. The care that Defendants, Bryn Mawr and/or MLHC and/or MLHS and/or its servants and/or employees exercised and exhibited in regard to Plaintiff, Marie Bassill fell outside acceptable, professional, and healthcare safety standards and practices.

20. On or about April 9, 2014, while a patient of Defendants, Plaintiff, Marie Bassill, did suffer serious and permanent injury as a result of medical negligence by the Defendants, causing Plaintiff the injuries that form the basis for this action.

21. Defendants, jointly and/or severally, undertook and/or assumed a duty to Plaintiff to render reasonable, proper, adequate, prompt medical care and to avoid harm to her, which Defendants breached.

22 The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

### COUNT I
### PLAINTIFF MARIE BASSILL v. DEFENDANTS, BRYN MAWR, MLHC, MLHS
### PROFESSIONAL NEGLIGENCE

23. Plaintiff, Marie Bassill, incorporates by reference hereto, all of the allegations contained in paragraphs 6-21, as if they were set forth at length herein.

24. The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a) failing to choose an alternative form of contact with the plaintiff, such as moving the patients chair rather than her head;

(b) failing to properly train and/or supervise employees in the use of physical therapy techniques such as head manipulation;

(c) failing to hire competent employees to with basic knowledge in the use of physical therapy and/or anatomy;

(d) failing to have the proper safety equipment and/or policies and procedures in place for employees;

(e) allowing their servants and/or employees care to fall outside acceptable professional and health care safety standards and practices;

(f) failing to follow proper procedures for head manipulation;

(g) failing to properly conduct said exam in a careful and gentle manner;

(h) failing to perform the exam in a slow and cautious manner;

(i) Allowing a physical therapist to perform an exam in an erratic manner with no methodology, rhythm;

(j) Allowing a physical therapist to perform an exam too fast and too hard;

(k) failing to stop the exam after plaintiff expressed pain and discomfort;

(l) failing to monitor the plaintiff for signs of discomfort and pain during the exam;

(m) failing to ask for supervisory assistance if there is a present problem with the current exam;

25. As a result of this accident, Plaintiff, Marie Bassill, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to: worsened brain function, aggravation of prior concussion symptoms, anxiety, panic attacks, headaches, transient ischemic attack (hereinafter referred to as "TIA"), as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

26. As a further result of this accident, Plaintiff, Marie Bassill, has been required to receive and undergo unnecessary medical attention and care and to expend various sums of money and to incur various expenses, that she was forced to endure in connection with the additional procedure and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

27. As a further result of this accident, plaintiff, Marie Bassill, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

28. As a further result of this accident, Plaintiff, Marie Bassill, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

29. As a direct and reasonable result of the accident aforementioned, Plaintiff, Marie Bassill, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

30. As a further result of the accident aforementioned, Plaintiff, Marie Bassill, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Marie Bassill, demands judgment against the Defendants, jointly and/or severally, for compensatory damages commensurate with her losses.

<u>**COUNT II**</u>
<u>**PLAINTIFF, MARIE BASSILL v. DEFENDANTS, BRYN MAWR, MLHC, MLHS**</u>
<u>**CORPORATE NEGLIGENCE**</u>

31. Plaintiff, Marie Bassill, incorporate by reference hereto, all of the allegations contained in paragraphs 23-30, as if they were set forth at length herein.

32. The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

All defendants had a duty to and failed to:

    (a)    use reasonable care to maintain safe and adequate facilities;

    (b)    failing to select and retain competent medical personnel;

    (c)    oversee person whom practice medicine within its walls

    (d)    formulate and enforce policies to ensure quality care;

33. Plaintiff, Marie Bassill, submits that on April 9, 2014, errors at Defendants, Bryn Mawr and/or MLHC and/or MLHS' facility directly led to her sustaining serious and permanent harm.

34. On or about April 9, 2014, the Standard of Care then prevailing in the medical community, and at Bryn Mawr and/or MLHC and/or MLHS facility dictated that policies and procedures be implemented to prevent improper use of physical therapy techniques.

35. Said Defendants either knew or should have known that improper use of the any and all physical therapy and/or manipulation techniques would result in serious bodily harm to its patients.

36. As a result of the Defendants' negligent conduct, Plaintiff, Marie Bassill has been required to receive and undergo unnecessary and additional medical attention and care and to expend various sums of money and to incur various expenses that she was forced to endure.

37. As a further result of this accident, plaintiff, Marie Bassill, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

38. As a further result of this accident, Plaintiff, Marie Bassill, has suffered medically determinable physical and/or mental impairment, which that prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

39. As a direct and reasonable result of the accident aforementioned, Plaintiff, Marie Bassill, has or may hereafter incur other financial expenses, which do or may exceed amounts which plaintiff may otherwise be entitled to recover.

40. As a further result of the accident aforementioned, Plaintiff, Marie Bassill, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Marie Bassill, demands judgment against the Defendants, jointly and/or severally, for compensatory damages commensurate with her losses.

CLEARFIELD & KOFSKY

BY: _____
LEONARD P. HABERMAN, ESQUIRE
Attorney for Plaintiff, Marie Bassill