IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE BASSILL,<br><br>　　　　　　*Plaintiff*,<br><br>　v.<br><br>BRYN MAWR REHABILITATION HOSPITAL, et al.,<br><br>　　　　　　*Defendants*. | CIVIL ACTION<br>NO. 16-01575 |

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**OCTOBER 26, 2016**

## MEMORANDUM

　　　　This cases arises out of Plaintiff Marie Bassill's allegation that "a physical therapist by the name of Kerry negligently and violently manipulated Plaintiff's head and neck" during a vestibular re-evaluation at Bryn Mawr Rehabilitation Hospital. (Pl. Compl. ¶¶ 13–14.) On April 15, 2016 Bassill sued Defendants Main Line Hospitals, Inc. d/b/a Bryn Mawr Rehabilitation Hospital, Main Line Health Inc. d/b/a Main Line Health System, and Main Line HealthCare (collectively "Defendants") (ECF No. 1). In Count I, Bassill seeks to hold Defendants vicariously liable for the alleged professional negligence of their alleged employee and/or agent, Kerry. *See* (Pl. Compl. ¶¶ 23–30.) In Count II, Bassill seeks to hold Defendants directly liable for their own corporate negligence. *See* (Pl. Compl. ¶¶ 31–40). On September 12, 2016 Defendants filed a Motion to Dismiss Plaintiff's Corporate Negligence Claim for Failure to File Certificates of Merit (ECF No. 15), asserting that the Certificates of Merit filed by Bassill are insufficient to support that claim. For the reasons that follow, Defendants' motion is granted and Count II of Bassill's complaint is dismissed with prejudice.

1

**I.**

Rule 1042.3 of the Pennsylvania Rules of Civil Procedure requires that all professional liability claims be supported by a Certificate of Merit ("COM") filed within sixty days of the filing of the complaint. Pa. R. Civ. P. 1042.3(a). The rule states that in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, a plaintiff must file a COM signed by the attorney or party certifying that: "(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside the acceptable professional standards and that such conduct was a cause in bringing about the harm; (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard; or (3) expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim." Pa. R. Civ. P. 1042.3(a)(1)–(3). The Third Circuit has held that the Pennsylvania Rules of Civil Procedure regarding COMs are substantive law and therefore must be applied by federal courts sitting in diversity. *See, e.g.*, *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007).

Bassill filed her complaint on April 5, 2016. (ECF No. 1.) Defendants filed a Notice of Intent to Seek Dismissal for Failure to File Certificates of Merit on May 6, (ECF No. 9), and the Court entered a stipulated order on May 31 requiring Bassill to file COMs on or before July 5 (ECF No. 10). On June 27 Bassill filed a motion for an extension to file a COM (ECF No. 14). The Court granted the motion on July 5 and ordered Bassill to file a COM on or before September 6. (ECF No. 14.) It appears that on July 1, prior to the Court granting Bassill's

motion for an extension, Bassill filed a COM as to Defendants Main Line Health and Main Line Hospital System (ECF No. 12) and a COM as to Defendant Bryn Mawr Rehabilitation Hospital (ECF No. 13).  On both of these COMs, however, Bassill's counsel checked only the second box, certifying that "the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard." *See* (ECF Nos. 12 & 13).  In their motion, Defendants argue that these COMs support only claims of vicarious liability and are thus insufficient to support a direct claim of corporate negligence.  (Defs.' Mot., ECF No. 15, at 3.)

**II.**

The doctrine of corporate negligence was first recognized by the Pennsylvania Supreme Court in *Thompson v. Nason Hosp.*, 591 A.2d 703 (Pa. 1991), which held that hospitals directly owe four duties to patients: (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients.  *Id.* at 707.  "A hospital is not directly liable under *Thompson* just because one of its employees or agents makes a mistake which constitutes malpractice." *Edwards v. Brandywine Hosp.*, 652 A.2d 1382, 1386–87 (Pa. Super. Ct. 1995).  Rather, a claim for corporate negligence "is based on the negligent acts of the institution." *Welsh v. Bulger*, 698 A.2d 581, 585 (Pa. 1997).  "A cause of action for corporate negligence arises from the policies, actions or inaction of the institution itself rather than the specific acts of individual hospital employees.  Thus, under

this theory, a corporation is held directly liable, as opposed to vicariously liable, for its own negligent acts." *Id.* (internal citations omitted).

Corporate negligence claims generally require expert testimony; therefore, they also require COMs. As set forth by the Pennsylvania Supreme Court in *Welsh*, "unless a hospital's negligence is obvious, a plaintiff must produce expert testimony to establish that the hospital deviated from an accepted standard of care and that the deviation was a substantial factor in causing the harm to the plaintiff." 698 A.2d at 585; *see also Whittington v. Episcopal Hosp.*, 768 A.2d 1144, 1149–50 (Pa. Super. Ct. 2001) ("Further, unless the hospital's negligence is obvious, an expert witness is required to establish two of the three prongs: that the hospital deviated from the standard of care and that such deviation was a substantial factor in bringing about the harm."). In *Rostock v. Anzalone*, 904 A.2d 943, 946 (Pa. Super. Ct. 2006), the Pennsylvania Superior Court held that the plaintiff's corporate negligence claims required a COM and expert testimony. Our Court quoted *Rostock* with approval in *Stroud v. Abington Mem'l Hosp.*, 546 F. Supp. 2d 238, 248 (E.D. Pa. 2008), and held that "[a] COM is required as to corporate negligence claims that are premised on allegations that a hospital's actions fell below the applicable medical or professional standard, *i.e.*, where the claim is predicated upon facts constituting medical treatment." *Id.*

In Count II of her complaint, Bassill brings a corporate negligence claim seeking to hold Defendants directly liable for their own negligence. The case law makes it clear that in order to do so, Bassill would need to present expert evidence, and thus supporting COMs, regarding the Defendant hospitals' negligence, as separate from the alleged negligence of its employee and/or agent. The only COMs filed by Bassill, however, both certify that "the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other

4

licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard." *See* (ECF Nos 12 & 13). In this context, these COMs would only support a finding that Defendants were vicariously liable—not a claim that Defendants were directly liable for corporate negligence because their own actions fell below the requisite standard of care. Because Bassill failed to file a COM in support of her corporate negligence claim, the claim is dismissed in accordance with Rule 1042.7. *See* Pa. R. Civ. P. 1042.7.

### III.

Defendants further argue that due to her failure to file the requisite COM within the deadline, Bassill's corporate negligence claim should be dismissed with prejudice. Defendants contend that their Notice of Intent to Seek Dismissal for Failure to File Certificates of Merit pursuant to Rules 1042.6 and 1042.7 clearly indicated that Defendants would seek dismissal of "all claims" against them. More importantly, Defendants point out that their counsel notified Bassill's counsel in an email on July 6 that the COMs were insufficient to support a direct claim of corporate negligence. (Defs.' Mot., Ex. A.) Bassill's counsel responded to the email taking the position that COMs are not required for a corporate negligence claim. (*Id.*)

In limited circumstances, a plaintiff's failure to file a timely certificate of merit may be excused. *See Womer v. Hilliker*, 908 A.2d 269, 278–80 (Pa. 2006) (holding that a failure to file a COM in compliance with the rules may be excused where there is substantial compliance, lack of prejudice and a reasonable explanation or legitimate excuse). No such equitable exception applies here. The Court already granted Bassill considerable additional time past the Rule's original sixty-day deadline. Moreover, counsel for the Defendants flagged this precise issue for Bassill's counsel in the July 6 email, giving Bassill adequate time to examine the issue more

closely, request clarification from the Court[1] and/or acquire the requisite COM.  Instead, Bassill's counsel responded to the email taking the position that COMs are not required for a corporate negligence claim and then allowed the September 6 deadline to pass without taking further action.  Count II of Bassill's complaint is accordingly dismissed with prejudice.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] Rule 1042.6(c) specifically provides that upon the filing of a notice under Pennsylvania Rule of Civil Procedure 1042.6, such as the one filed by the Defendants in this case, a plaintiff may file a motion seeking a determination by the court as to the necessity of filing a certificate of merit.  Pa. R. Civ. P. 1042.6(c).